IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-13-BO

| | |
|---|---|
| ERIC M. MCMILLIAN,<br>Plaintiff, | )<br>)<br>) |
| v. | )    **O R D E R** |
| | ) |
| CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security*,<br>Defendant. | )<br>)<br>)<br>) |

This cause comes before the Court on plaintiff's motion to reverse the decision of the SSA Commissioner or petition for rehearing and the Commissioner's motion for judgment on the pleadings. Plaintiff, proceeding *pro se*, has also filed a motion to present exculpatory evidence and a motion to strike. For the reasons discussed below, the decision of the Commissioner is affirmed and the remaining motions are denied.

## BACKGROUND

Plaintiff seeks review of the final decision of the Commissioner denying his claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff protectively filed for SSI on 18 October 2010 alleging disability since 1 January 2004. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The ALJ's decision became the final decision of the Acting Commissioner when the Appeals Council denied plaintiff's request for review on 29 November 2013. Plaintiff then timely sought review of the ALJ's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual

2

functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's schizophrenia, bipolar disorder, possible acute psychosis exacerbated by use of drugs, and osteoarthritis of the hips were considered severe impairments at step two. The ALJ then found that plaintiff's impairments met Listings 12.03 (schizophrenic, paranoid, and other psychotic disorders), 12.04 (affective disorders), and 12.09 (substance addiction disorders). The ALJ went on the find that if plaintiff stopped substance use, the remaining limitations would continue to cause severe impairments but that these impairments would not meet or equal a Listing and plaintiff would be able to perform light work with mental restrictions. The ALJ found that plaintiff had no past relevant work and that, considering plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision.

Substantial evidence supports the decision of the ALJ in this matter. Plaintiff contends that deficiencies in his bodily health result in severe pain that would prohibit him from performing light work, specifically from walking and/or standing for more than fifteen minutes.

3

In making his RFC finding, the ALJ considered the medical evidence in the record related to plaintiff's osteoarthritis in both hips, plaintiff's testimony at the hearing regarding his pain and his ability to walk and stand, and the ALJ's own observations of plaintiff during the hearing. Tr. 19-20. While plaintiff's treating physician did note in 2012 that the arthritis in plaintiff's left hip was "pretty severe," Tr. 1196, the record further reflects that cortisone injections relieved plaintiff's pain, Tr. 1222, and plaintiff's gait was not impaired. Tr. 1279, 1283. Plaintiff's bases for disputing the ALJ's RFC finding are his own, subjective statements regarding his pain and abilities, but, as the ALJ's found related to plaintiff's credibility, the severity noted by plaintiff is not consistent with the medical record. *See* SSR 96-7p.

Plaintiff further contends that the ALJ disregarded the opinions of mental health professionals when finding that plaintiff was not disabled. The ALJ's conclusion, however, that plaintiff's acute psychotic symptoms resolved when he is abstinent from alcohol and drugs is supported by substantial evidence. Although Dr. Meynandi did not have a problem recommending that plaintiff be on disability, he further noted that plaintiff's diagnosis was "a combination of functional schizophrenia exacerbated by drugs and alcohol." Tr. 1131. Later psychiatric and psychological examinations revealed good concentration and short-term memory, Tr. 1226, and that a diagnosis of psychosis or mania was questionable. Tr. 1388. Because substantial evidence supports his decision and the correct legal standard was employed, the decision of the ALJ is AFFIRMED.

Plaintiff's motion to include exculpatory evidence is denied. Under sentence six of 42 U.S.C. § 405(g), this Court "may at any time order additional evidence to be taken before the Commissioner of Social Security" on a showing that there is new evidence which is material and

that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Evidence is new if it is relevant to the determination of disability and is not cumulative or duplicative. *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983). Evidence is material if "there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Sec'y of Health & Human Svs.*, 953 F.2d 93, 96 (4th Cir. 1991).

The records presented by plaintiff are not material in that there is not a reasonable probability that they would have changed the outcome. The evidence submitted post-dates the decision of the ALJ,[1] and, while some of it is related to plaintiff's severe impairments, review of the substance of the evidence reveals that it would not change the outcome. The evidence submitted by plaintiff notes that physical therapy for his hip has been successful and that he is motivated to search for jobs and is working on maintaining his sobriety. This information would not alter the ALJ's decision that plaintiff could perform light work with limitations when he refrains from alcohol and drug use. Plaintiff's motion to strike the Commissioner's response to his motion to include exculpatory evidence is without merit and is denied.

## CONCLUSION

Plaintiff's motion to reverse decision of the SSA Commissioner [DE 29] is DENIED and defendant's motion for judgment on the pleadings [DE 35] is GRANTED. Plaintiff's motion to include exculpatory evidence [DE 14] and motion to strike [DE 30] are DENIED. The decision of the ALJ in this matter is AFFIRMED. The clerk is DIRECTED to enter judgment accordingly.

SO ORDERED, this __15__ day of January, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] An additional record submitted by plaintiff is already present in the administrative record.

5